IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LANCE CONWAY WOOD, | ) | |
| | ) | Case No. CV-04-99-C-BLW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| IDAHO DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are IDOC Defendants' Motion to Clarify (Docket No. 145), IDOC Defendants' Motion to Dismiss (Docket No. 146), Plaintiff's Motion to Withdraw Attorney (Docket No. 148), Dr. Antonie's Motion for Entry of Judgment under Rule 54(b) (Docket No. 153), PHS Defendants' Second Motion for Summary Judgment (Docket No. 154), IDOC Defendants' Motion for Extension of Time to File (Docket No. 155), and Dr. Lungren's Motion for Entry of Judgment pursuant to Rule 54(b) (Docket No. 156).

Having reviewed the record, and having considered the parties' written arguments, the Court enters the following Order.

ORDER - 1

## PENDING MOTIONS

**A.      Background**

Previously in this case, the Court granted summary judgment on a number of Plaintiff's medical claims (Docket No. 139).  Remaining are the following claims: all claims against the IDOC Defendants except Plaintiff's claims regarding Hepatitis vaccinations; claims against PHS, Inc., on medical Claim I(A) for the following time periods: (1) between August 2, 2003, to November 27, 2003; (2) between May 17, 2004, and July 14, 2004; and (3) after February 8, 2005, for allegations that PHS failed to order the glasses and sunglasses prescribed by Dr. Anderson.

**B.      IDOC Defendants' Motion to Clarify (Docket No. 145)**

Defendants request that the Court clarify whether Plaintiff can proceed on his claim that Sandra Martin told inmates and staff that he was stalking her and that he was a "rat."  The Court clarifies that these claims are not actionable as constitutional claims and are dismissed.

**C.      Motions for Entry of Judgment (Docket Nos. 153 & 156)**

Dr. Antonie and Dr. Lungren have filed Motions for Entry of Judgment pursuant to Rule 54(b).  All claims against them were dismissed by the Court's Order of March 30, 2005 by (Docket no. 139).  Rule 54(b) permits the Court to

enter judgment for individual parties who have been dismissed from the case even though it remains ongoing against other parties. Here, the Court determines that there is no just reason for delay in entering a judgment on the claims against Dr. Antonie and Dr. Lungren, and it directs the Clerk of Court to enter judgment for them. It is likely that this case may extend for another year or more while the remaining parties complete discovery and pursue dispositive motions.

Entry of judgment regarding these two Defendants shall not have any effect on the remainder of the claims or parties remaining in this case. Plaintiff is advised that his 30-day appeal time as to the judgment on the claims against these Defendants begins to run from today's date (entry of the Rule 54(b) judgment), rather than any future date in which all remaining claims are finally adjudicated against the other Defendants.

## D.  Plaintiff's Motion to Withdraw Attorney (Docket No. 148)

Plaintiff's pro bono attorneys have requested permission to withdraw from their representation of Plaintiff after they evaluated Plaintiff's case and their ability to pursue it on his behalf. Good cause appearing from the Affidavit filed in support of the request, the Court shall grant the request, effective immediately. Plaintiff's counsel shall immediately provide Plaintiff with copies of any documents in their possession that he may need to pursue his case, copies of all

pending motions and supporting documents, and a copy of this Order.

The Court shall order Plaintiff to proceed pro se at this time.  The Court will revisit appointment of counsel in this case after briefing on the currently pending motions is completed.  The Court has provided Plaintiff with generous extensions of time in which to submit responses to the pending motions and to conduct discovery.  Given the age of this case, the Court does not want it delayed any further.  If Defendants have documents pertinent to the claims remaining that they have not already produced to Plaintiff or the Court, they may produce those documents in chambers if security or privacy concerns are at issue.

**E.     IDOC Defendants' Motion to Dismiss (Docket No. 146)**

Plaintiff has not yet responded to the IDOC Defendants' Motion to Dismiss. Plaintiff may have until January 6, 2006, in which to file a pro se response. Defendants' reply shall address any new Ninth Circuit cases that may have potential application to Plaintiff's exhaustion issues.  *See, e.g., Ngo v. Woodford*, 403 F.3d 620 (9th Cir. 2005); *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

**F.     PHS Defendants' Second Motion for Summary Judgment (Docket No. 154)**

Plaintiff has not yet responded to the PHS Defendants' Second Motion for Summary Judgment.  Plaintiff may have until January 13, 2006, in which to file a

ORDER - 4

pro se response.

**G.     IDOC Defendants' Motion for Extension of Time to File (Docket No. 155)**

Defendants have requested an extension of time in which Plaintiff has to complete discovery and the parties have to file motions for summary judgment. Good cause appearing, the Court shall allow the parties to complete discovery in this case no later than April 28, 2006. Dispositive motions shall be filed no later than May 31, 2006.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.     IDOC Defendants' Motion to Clarify (Docket No. 145) is GRANTED.

B.     IDOC Defendants' Motion to Dismiss (Docket No. 146) remains pending. Plaintiff shall file a  pro se response to the Motion no later than **January 6, 2006.**

C.     Plaintiff's Motion to Withdraw Attorney (Docket No. 148) is GRANTED. Counsel shall follow the instructions set forth above to provide documents to Plaintiff.

D.     Dr. Antonie's Motion for Entry of Judgment under Rule 54(b)

(Docket No. 153) is GRANTED.  The Clerk of Court is ordered to

enter judgment denying and dismissing all of Plaintiff claims against

Dr. Antonie with prejudice.

E.    PHS Defendants' Second Motion for Summary Judgment (Docket No.

154) remains pending.  Plaintiff shall file a  pro se response to the

Motion no later than **January 13, 2006.**

F.    IDOC Defendants' Motion for Extension of Time to File Dispositive

Motions (Docket No. 155) is GRANTED.  The parties shall complete

discovery in this case no later than **April 28, 2006.**  Dispositive

motions shall be filed no later than **May 31, 2006.**

G.    Dr. Lungren's Motion for Entry of Judgment pursuant to Rule 54(b)

(Docket No. 156) is GRANTED.  The Clerk of Court is ordered to

enter judgment denying and dismissing all of Plaintiff claims against

Dr. Lungren with prejudice.

H.    The Clerk of Court shall provide a copy of this Order to Plaintiff at

the following address:

> Lance Conway Wood, #31919
> ISCI 10-A-7
> PO Box 14
> Boise, ID 83707.

ORDER - 6

SO ORDERED.



DATED:  **November 22, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

ORDER - 7