UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE CONWAY WOOD,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTIONS, et. al.,<br><br>    Defendant. | Case No. 3:04-cv-00099-BLW<br><br>**TRIAL SETTING ORDER** |

**IT IS HEREBY ORDERED** that the following pretrial and trial schedule shall govern the remainder of this case.

1. Disclosure of Witnesses: Both parties shall disclose all lay and expert witnesses intended to be called at trial and a summary of the substance of their testimony no later than **February 8, 2013.**

2. Pretrial Conference.  A telephonic pretrial conference shall be held on **March 20, 2013, at 3:00 p.m**. Counsel for Defendants shall initiate the conference call, using a conference call operator, to the Court at 334-9145.

3. Pretrial Motions.  All pretrial motions, including motions in limine shall be filed no later than **February 11, 2013.**  Responses shall be filed by **February 22, 2013.**  The parties shall be prepared to argue the motions at

**TRIAL SETTING ORDER - 1**

the pretrial conference on **March 20, 2013**, if the Court deems argument necessary.

4. <u>Requests for Transport of Prisoner Witnesses and for Issuance of Subpoenas</u>.  All requests for the transport of prisoner witnesses to trial shall be made no later than **February 8, 2013.** All requests for subpoenas for any witnesses who must be subpoenaed to trial (to include their full names and physical service address) shall be made no later than **February 8, 2013.**

5. <u>Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury Instructions, Trial Briefs</u>:  All exhibit lists, proposed voir dire, proposed jury instructions, and trial briefs shall be filed with the Court no later than **February 8, 2013.** On the same date, the parties shall exchange all trial exhibits, but shall not provide them to the Court until the day of trial. Counsel shall provide the Court with one set of original pre-marked exhibits only.  Because of the use of electronic evidence presentation systems, it is unnecessary to provide any copies.  Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system.  The exhibit lists shall follow the guidelines set out in Local Rule 16.1(f) to the extent it is not inconsistent with this Order.  The exhibit lists shall be prepared on the form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk.  Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be

**TRIAL SETTING ORDER - 2**

reserved for plaintiff's exhibits; and exhibit numbers 2000 through 2999 shall be reserved for the defendants listed on the caption. Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon. The proposed jury instructions shall follow the guidelines set out in Local Rule 51.1 to the extent it is not inconsistent with this Order.

6. <u>Jury Trial</u>: A five-day jury trial is set for **April 8, 2013, at 1:30 p.m.** through **April 12, 2013**, in the James A. McClure Courthouse, 500 West Fort Street, Boise, Idaho.

7. <u>Trial Procedures</u>:

   a. The Court will generally control voir dire, and counsel will be limited to 20-30 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

   b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

   c. During trial, the jury will be in the box hearing testimony the entire trial day between 9:00 a.m and 5:00 p.m., except for the standard fifteen minute morning and afternoon recesses, and the lunch recess. During the time the jury is in the jury box, no argument, beyond on-

**TRIAL SETTING ORDER - 3**

sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

d.  Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

e.

DATED: **January 15, 2013**

B. LYNN WINMILL
Chief U.S. District Court Judge

**TRIAL SETTING ORDER - 4**